UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81420-CV-HURLEY

**ROGER DARVILLE,**
    **plaintiff,**

vs.

**OFFICER LYONS,**
    **defendant.**
_____/

**ORDER GRANTING DEFENDANT'S' MOTION FOR SUMMARY JUDGMENT**

This prisoner civil rights case is before the court upon the defendant's motion to dismiss for failure to state a claim on which relief may be granted due to plaintiff's failure to exhaust administrative remedies [ECF No. 26], which the court converted to a motion for summary judgment in order to permit consideration of matters outside of the pleadings [ECF No. 30]. The defendant has since submitted a supplemental motion for summary judgment [ECF No. 34] in addition to supporting affidavits of Juna Thomas [ECF No. 34-2] and Mary Wright [ECF No. 33-1]. The *pro se* plaintiff has not responded to the motion despite the issuance of a December 11, 2012 show cause order from the court prompting him to do so [ECF No. 36].

Following careful consideration of the defendant's motion and supplement to motion [ECF No. 26, 34], supporting affidavits and relevant portions of the court file, the court concludes that the defendant's motion should be granted and this action dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997e(a).

## STATEMENT OF THE CASE & PROCEDURAL HISTORY

Plaintiff, appearing *pro se*, filed this action on November 10, 2010 by filing a civil rights complaint under 42 U.S.C. § 1983. In his now operative second amended complaint [ECF No. 18] plaintiff alleges that he was "jumped on," "kick[ed]" and "head butt[ed]" by other inmates during a November 3, 2010 transport from the Palm Beach County Jail to the Palm Beach County Courthouse, while Officer Lyons, the transport van driver, "kept looking back and (sic) in mirror" and "ignor[ing]" him [Complaint, Section II]. Plaintiff contends that Officer Lyons also "wrestle[d] him" out of the van and then refused to bring him into court or allow him to meet with his counsel. He also complains he was transported back to jail confined in the van with the same inmates who assaulted him earlier in the day, placing him at risk of great physical jeopardy in light of a pre-existing serious back injury. The plaintiffs' complaint includes, as unidentified attachments, five unrelated inmate grievance reports, all of which involved incidents that pre-date the alleged assault at issue in this case [ECF No. 18, pp. 6-10].

On July 5, 2012, the court entered an order dismissing plaintiff's claims against other Officers Noddell and Oblow, while allowing the plaintiff's claim for endangerment against Officer Lyons to proceed [ECF No. 22]. The court then directed service of process upon defendant Lyons [ECF No. 20], who was served on July 23, 2012 [ECF NO. 25]. Officer Lyons promptly filed a motion to dismiss the complaint for failure to exhaust administrative remedies [ECF No. 26], which the court converted to a motion for summary judgment [ECF No. 30]. The defendant has since filed a "corrected supplement" to the motion [ECF No. 34] accompanied by supporting affidavits of Juna Thomas, Records Manager in the Palm Beach County Sheriff Office (PBSO) Corrections Inmate

Management Division [ECF NO. 34-2], and Mary Wright, a Procedural Officer in the PBSO Corrections Standards and Staff Development office and Records Custodian of the PBSO "Corrections Operating Procedures" and "Inmate Rules and Regulations" [ECF No. 33-1].

## STANDARD OF REVIEW

Summary judgment is appropriately granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287 (11th Cir. 2003); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256 (11th Cir. 2004).

Where the party opposing summary judgment has the burden of proof at trial, the moving party may discharge its initial burden by identifying specific portions of the record which show the absence of evidence to prove the non-moving party's case at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-38 (11th Cir. 1991). Alternatively, the moving party may come forward with "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id* at 1438.

If the moving party does not meet its burden, then the motion for summary judgment will be denied. *Id.* at 1437. If the moving party does meet its initial burden, the burden then shifts to the non-moving party to demonstrate that there is a material issue of fact that precludes summary

3

judgment. *Clark v Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). If the party opposing the motion is unable to make a sufficient showing on an element essential to its case on which it has the burden of proof at trial, the movant is entitled to summary judgment.

On the other hand, where the moving party seeks summary judgment on issues on which he bears the burden of proof at trial, e.g. where a defendant is asserting an affirmative defense, the movant must "establish beyond peradventure all of the essential elements of the ... defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir. 1986). Because the failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), Officer Lyons, the party moving for summary judgment, has the burden here to demonstrate that plaintiff failed to exhaust available administrative remedies and is required to establish "beyond peradventure" every element of that defense by sufficient, competent evidence. *Tello v. Dean Witter Reynolds*, *Inc.,* 410 F.3d 1275 (11th Cir. 2005); *Lane v. Doe,* 399 Fed. Appx. 964 (5th Cir. 2010); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010); *Escobar v. Reid*, 668 F. Supp. 2d 1260 (D. Colo. 2009). Put another way, Officer Lyons must conclusively show, by evidence so strong no reasonable jury would be free to disbelieve it, that the plaintiff did not make use of available administrative remedies at the Palm Beach County Jail before filing this lawsuit. *Crescent Towing & Salvage Co v. M/V Anax,* 40 F.3d 741 (5th Cir. 1994); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## DISCUSSION

Defendant has raised the affirmative defense of failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), in his motion for summary judgment. Section 1997e(a) provides:

4

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit, *Jones v Bock,* 549 U.S. 199, 211 (2007)*; Booth v. Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002); *Parzyck v. Prison Health Serv, Inc*., 627 F.3d 1215 (11th Cir. 2010), and this requirement applies to all inmate suits about prison life, whether addressing general circumstances or particular episodes, excessive force or some other wrong, *Porter* at 524, and regardless of whether plaintiff seeks declaratory and injunctive relief, monetary damages or both. *Booth* at 734. The requirement cannot be waived by a court, nor is it subject to futility or inadequacy exceptions. *Booth* at 741 n. 6.

Further, the Prison Litigation Reform Act requires "proper exhaustion," which demands "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of tis proceedings." *Woodford v Ngo*, 548 U.S. 81, 93-94 (2006) (proper exhaustion requirement gives prisoner an effective incentive to make full use of the prison grievance process and provides prisons with a fair opportunity to correct their own errors); *Brown v Sikes,* 212 F.3d 1205 (11th Cir. 2000).

In this case, the administrative remedies available to plaintiff were set forth in a grievance policy provided to all inmates in the PBSO Inmate Rules and Regulations (rev. 1/12) received upon entering the Palm Beach County Jail [Wright Affidavit , ¶4; ECF 33-1 pp. 3, 19]. These procedures require an inmate to: (1) make informal grievance by bringing his complaint to the attention of designated prison staff members (first, the deputy assigned to the prisoner's unit; if unavailing, next

5

to the attention of the sergeant or lieutenant on rounds);  (2)  file a formal grievance on a prescribed form within seven days  from the date of the incident (where feasible), and   (3) submit an appeal to a  division commander within five  days of receiving the a response.  If  the prisoner is dissatisfied with the division commander's decision, he is authorized to file further appeal to a  major within five days receipt of the response, with the major's decision then operating as "final." [ECF No. 33-1, p. 19].

Officer Lyons contends, and plaintiff has not disputed, that plaintiff did not use the Palm Beach County Sheriff's Office grievance system to exhaust his claim prior to filing this lawsuit.  In support of this contention, defendant submits the affidavits of Juna Thomas and  Mary Wright. Mary Wright states she is employed as Procedural Officer in the PBSO Corrections Standards and Staff Development office, in which capacity she serves as Records Custodian for PBSO Correction Operating Procedures and Inmate Rules and Regulations. Ms. Wright attaches to her affidavit what she avers to be a true and current copy of the current and effective versions of PBSO Corrections Operating Procedures No. 919.00 (rev. 9/11), which includes a provision requiring prison staff members to file incident reports or disciplinary reports in every instance where he or she witnesses or has reasonable belief that an inmate has committed a violation  of the rules and regulations. She also attaches a copy of what she avers to be  the PBSO Inmate Rules & Regulations (rev. 1/12), p. 14, including a provision at Section D-5 detailing  "Grievance Procedures."

Juna Thomas, in turn, states that she is employed by the PBSO as  Section Manager of Inmate Management, in which capacity she also serves as Records Manager in the Corrections Inmate Management Division,  where all inmate records, including incident reports, disciplinary actions and

6

grievances are maintained. [Thomas Affidavit ¶¶ 2-3]. Ms. Thomas avers that she searched the records under her authority and found no formal grievance records or any records of incident reports or disciplinary action pertaining to an incident involving Roger Darville on or about November 2, 2010 [Thomas Affidavit ¶¶ 4-5]. More specifically, Ms. Thomas avers she found no complaint or incident report of any alleged battery upon Roger Darville by other inmates on a transport van on or about November 2, 2010, and no record of any grievance filed by the prisoner pertaining to such incident [Thomas Affidavit ¶6].

While plaintiff does attach five prior grievances which he filed to his complaint, these grievances all predate and are completely unrelated to plaintiff's current endangerment claim regarding the alleged assault on him by other inmates during transport to the Palm Beach County Courthouse. Moreover, plaintiff does not dispute in this proceeding that he did not properly exhaust his administrative remedies prior to filing the instant federal action.

Because Officer Lyons has met his burden of proving that there is no dispute that an administrative remedy was available through plaintiff's previous proper use of the inmate grievance procedures, and that plaintiff did not pursue that administrative remedy for his endangerment claim here, summary judgment is appropriately entered in favor of defendant upon the defense of failure to exhaust administrative remedies. *See Bryant v Rich,* 530 F.3d 1368 (11th Cir. 2008); *Napier v Laurel County*, 636 F.3d 218, 226 (6th Cir. 2011).

**CONCLUSION**

It is accordingly **ORDERED AND ADJUDGED**:

1. The defendant Officer Lyons' motion for summary judgment regarding the affirmative defense of failure to exhaust administrative remedies [ECF No. 26, 34] is **GRANTED** pursuant to Fed. R. Civ. P. 56(c).

2. Plaintiff's complaint against Officer Lyons is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim due to failure to exhaust available administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6).

3. The court shall enter final judgment accordingly in favor of Defendant Lyons by separate order of the court.

**DONE AND ORDERED** in Chambers at West Palm Beach Florida, this 22nd day of January, 2013.

_____
Daniel T. K. Hurley
United States District Judge

cc.

All counsel

Roger Darville, *pro se*